CASE 98.—ACTION BY THOMAS BRANNON AGAINST STAN-
LEY BRADY.—Oct. 13, 1909.

## Brady v. Brannon

Appeal from Mason Circuit Court.

JAMES P. HARBESON, Circuit Judge.

From the judgment defendant appeals.—Affirmed.

1. Courts—Police Courts — Jurisdiction—Injunction.—A police court, on which Const. Sec. 143, authorizes civil jurisdiction not exceeding that of justices of the peace to be conferred, and on which Ky. St. 1909, Sec. 3515 confers such jurisdiction "equal to that of justices of the peace," has no jurisdiction of an action to enjoin collection of a tax, on the ground of its levy having been illegal; justices of the peace, on whom Const. Sec. 142, authorizes the Legislature to confer such jurisdiction as it deems proper, being given by Ky. St. 1909, Sec. 1086, civil jurisdiction only in actions and proceedings for "the recovery of money or personal property" of not more than a certain amount or value.

Brady v. Brannon.

2. Courts—Quarterly Courts — Jurisdiction — Injunction. — The quarterly court having, under Const. Sec. 139, only such jurisdiction as is conferred on it by the Legislature, and being granted by Ky. St. 1909, Sec. 1051, civil jurisdiction only of actions for recovery of money or personal property, has no jurisdiction of an action to enjoin collection of a tax.

3. Appeal and Error—Jurisdiction on Appeal from Court Having No Jurisdiction.—Though the circuit court has, under Ky. St. 1909, Sec. 966, original jurisdiction of an action for injunction, which, not having been conferred on any other court, is exclusive, it can not entertain such a case on appeal from a court that had no jurisdiction.

LUTHER C. REYNOLDS and T. D. SLATTERY for appellant.

AUTHORITIES CITED.

1. On the proposition that the Mason Circuit Court had jurisdiction. Section 978, Kentucky Statutes; Section 3520, Kentucky Statutes; Stone v. Wilson, 102 Ky. 423.

2. On the proposition that the amount in controversy sufficient to give the circuit court appellate jurisdiction without having first appealed to the quarterly court. Brown v. Vancleave, 9 Ky. Law Rep. 150; Vance v. Cox, 2 Dana, 152; Howard v. Maysville & Big Sandy Railroad Co., 24 Ky. Law Rep. 1051; Riley v. Carlton, 10 Ky. Law Rep. 40; Howard Thompson Co. v. Finley, 78 S. W. 416;.

3. The following cases cited to show that this court has jurisdiction. Willis v. Thornton, 25 R. 1521; Shackelford v. Phillips, 112 Ky. 563.

J. M. COLLINS for appellee.

AUTHORITIES.

1. On jurisdiction of Courts, Kentucky Constitution, Sec. 59, Sec. 1, Sec. 143; Kentucky Statutes, Secs. 978, 1054, 3520; Code Sec. 724; Jackson v. Wernert, 17 R. 72; Piper v. Gunther & Sons, 95 Ky. 115.

2. On amount in controversy Logan v. Davis, 5 R. 424, 5 R. 600; 6 R. 137 L. & N. R. R. Co. v. Wade, 89 Ky. 255; Lee v. Gates, 6 R. 585.

3. On local or special legislation, Droege v. McInerney, 120 Ky. 796; Safety Building & Loan Co. v. Eckler, 106 Ky. 115; Louisville v. Kuntz, 104 Ky. 584; 26 A. & E. Ency. 683; Schriver v. Central Asylum, 113 Ky. 288.

OPINION OF THE COURT BY CHIEF JUSTICE NUNN—Af·
firming.

It appears that in the year 1907 there was a school
tax levied for the benefit of some school district in
Mason county, Ky., and that appellant was appointed
collector thereof. This action was instituted in the po-
lice court of the city of Maysville in the month of
March, 1908, in which appellee procured an order re-
straining appellant from proceeding to collect of him
taxes alleged to be due, amounting to $14, upon the
ground that the levy of the tax was illegal and void.

It appears that appellant did not answer, and on
the 7th day of September, 1908, the following order
was entered: "This cause coming on for trial on the
regular call of the docket, and the defendant failing
to appear, and the court having considered the plead-
ings herein, and on proof heard and argument of coun
sel, and being advised, now orders and adjudges that
the restraining order granted herein on March 17,
1908, be now made permanent, and that the plaintiff
recover from defendant his cost herein expended.
And the parties are hence dismissed."

Appellant appealed from this judgment direct to
the circuit court, and that court entered an order dis-
missing the appeal, which is as follows:

"The court having considered appellee's motion
to dismiss the appeal herein, for the reason that this
court has no jurisdiction of same, and being advised
sustains the motion; and it is ordered that the appeal
herein be, and the same is, now dismissed, and that
the appellee recover of appellant his costs herein ex-
pended. To all of which appellant objects and ex-
cepts, and prays an appeal to the Court of Appeals,
which is granted."

Brady v. Brannon.

It appears from the briefs of counsel that the circuit court dismissed the appeal for the reason that an appeal was not first taken to the quarterly court from the police court; that section 978, Ky. St. provides only for appeals to the circuit court from a judgment of the fiscal, county and quarterly courts in civil cases; and that section 1054 (section 3130) provides that appeals from judgments and orders of justice, fiscal and city or police courts, in civil cases, shall be taken to the quarterly court. Appellant con-- tends that the circuit court had jurisdiction of the appeal by virtue of section 3520, Ky. St. (Russell's St. Sec. 1533), which is as follows:

"In all civil cases an appeal shall lie to the quarterly court or to the circuit court of the county, where the amout exceeds twenty-five dollars, exclusive of interest and costs, and under the rules and regulations prescribed by law for appeals from inferior courts to circuit courts."

Appellee claims that this section is unconstitutional as it applies alone to police courts in fourth-class cities; that it is inhibited by section 59 of the Constitution, which declares that the General Assembly shall not pass local or special acts with reference to the jurisdiction of courts.

It is not necessary for us to consider and pass upon this question, as we have arrived at the conclusion that the circuit court did not have jurisdiction of the appeal, for the reason that the judgment of the police court was void, as it had no jurisdiction of the action. The action was not instituted in the police court to recover a judgment for money or personal property. The only purpose was to restrain the collecting officer from levying upon appellee's property and col-

lecting a small tax bill.  The State Constitution (section 143) provides as follows:

"The General Assembly may confer civil jurisdiction on police courts in cities and towns of the fourth and fifth classes, and in towns of the sixth class having a population of two hundred and fifty or more, which jurisdiction shall be uniform throughout the state, and not exceed that of justices of the peace."

We find from this section that civil jurisdiction may be conferred only upon police courts in the fourth, fifth, and sixth class towns, and it shall not exceed the jurisdiction of justices of the peace.  By section 3513, Ky. St., which applies to fourth-class cities, the General Assembly conferred civil jurisdiction upon police courts "equal to that of justices of the peace."  In section 142 of the Constitution, it is provided:

"The jurisdiction of justices of the peace shall be coextensive with the county and shall be equal and uniform throughout the state."

It will be observed that the General Assembly has authority to confer such jurisdiction upon justices' courts as it deems proper; but it must be uniform.  The General Assembly, acting within its power under the section of the Constitution referred to last, enacted section 1086 of the Kentucky Statutes, which is as follows:

"Justices' courts shall have jurisdiction concurrent with circuit and quarterly courts of this commonwealth of all actions and proceedings for the recovery of money or personal property in civil cases, where the matter in controversy, exclusive of interest and costs, does not exceed one hundred dollars, and shall have jurisdiction, exclusive of circuit courts, and concurrent with quarterly courts in civil cases, of all ac-

tions and proceedings for the recovery of money or personal property when the value in controversy, exclusive of interest and costs, is fifty dollars or under,'' etc.  It will be observed that by this section the civil jurisdiction of justices' courts is limited to cases for the recovery of money or personal property.  Therefore a justice of the peace in this state has no jurisdiction of an action where the sole object is to restrain an officer from collecting taxes, and, as the General Assembly is prohibited by the Constitution from conferring upon police courts jurisdiction in excess of that conferred upon justices of the peace, the police court was without authority or jurisdiction to pass upon the question presented in this action, and his attempted action thereon is void.

The quarterly court had no jurisdiction of an ap- peal from the judgment of the police court, nor would it have had original jurisdiction thereof.  By section 139 of the Constitution it is provided, in effect, that the quarterly courts should have such jurisdiction as is conferred by the General Assembly.  By section 1051, Ky. St. there is conferred upon quarterly courts civil jurisdiction of all actions for the recovery of money or personal property. Therefore the quarterly courts have no jurisdiction of cases like the one at bar.  The circuit court of Mason county was the only court that had original jurisdiction of the cause of action presented by appellee. 'Its jurisdiction was exclusive, as the General Assembly had not conferred it upon any other court.  Although the circuit court had original jurisdiction, it had no right to entertain the case on an appeal from an inferior court that had no jurisdiction.  Section 966, Ky. St., provides that circuit courts ''shall have original jurisdiction of all

matters, both in law and equity, of which jurisdiction is not exclusively delegated to some other tribunal,'' etc.    The members of the constitutional convention and the General Assembly thought it proper to limit the jurisdiction of inferior · courts by not allowing them to pass upon such cases as the one at bar, for there might be as many conclusions about the constitutionality or legality of a tax levied for any purpose as there were inferior courts in the county, and some of the citizens might be forced to pay the tax while others would be relieved therefrom by the judgments of such inferior courts.

Our opinion is that the action of the police court in the case at bar was without authority, was a nullity and constituted no bar to the collection of the tax, and the action of the lower court in dismissing the appeal was proper.

For these reasons, the judgment of the lower court is affirmed.