## Allen v. Moore, et al.

(Decided January 23, 1917.)

### Appeal from Martin Circuit Court.

1. Justices of the Peace—Jurisdiction.—The jurisdiction of a justice of the peace is not confined to the district from which he is elected, but is co-extensive with the county, to be exercised, however, within the district from which he is elected, and subject to the rules of practice prescribed by law.

2. Forcible Entry and Detainer—Police Courts in Towns of Sixth Class—Jurisdiction.—Police courts of cities of the sixth class having a population of more than two hundred and fifty, have civil jurisdiction, concurrent with justices' courts, co-extensive with the county, and may issue and try writs of forcible entry and

detainer, even though the land may be outside the corporate limits of such cities, subject, however, to the right of the defendant to have the cause removed to the justice's court of the district of his residence, as provided by section 710 of the Civil Code of Practice.

3.  Courts—Transfer of Warrant to Police Court.—The right to have a summons or warrant, issued from a justice's or police court, transferred for trial to the justice's court of the defendant's residence is waived, unless a motion to that effect is made before trial.

VAUGHN & HOWES and J. B. CLARK for appellant.

ALLEN COPLEY for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Appellant procured a writ of forcible entry and detainer to be issued against appellees, by the police judge of the town of Eden, in Martin county, Kentucky. Upon a traverse to the circuit court, of the inquisition in the police court, the court quashed the warrant and dismissed the case, upon the ground that the police judge was without jurisdiction to issue the warrant, and that it was, therefore, void. The only question presented upon this appeal is, whether or not the police judge of a town of the sixth class with a population of more than two hundred and fifty inhabitants, has jurisdiction to issue a warrant for forcible entry and detainer, especially, if the land involved lies outside of the town.

It is admitted that justices of the peace have jurisdiction, under section 454 of the Civil Code of Practice, to issue and try such warrants, and it has been held by this court that, under section 142 of the Constitution, the jurisdiction of a justice of the peace is not confined to the district from which he is elected, but is co-extensive with the county. Brady v. Brannon, 134 Ky. 769; Galot v. Pearce, 18 Ky. Law Rep. 1004; to be exercised, however, in the district from which the justice is elected, and subject to the rules of procedure prescribed by law, one of which is the right of the party sued to have the case transferred for trial to the district of his residence, upon proper motion. Wheeler v. Schulman, 165 Ky. 185.

Section 143 of the Kentucky Constitution, which authorizes the establishment of police courts in cities of the sixth class, is as follows:

"A police court may be established in each city and town of this state, with jurisdiction in cases of violation of municipal ordinances and by-laws occurring within the corporate limits of the city or town in which it is established, and such criminal jurisdiction within the said limits as justices of the peace have. The said courts may be authorized to act as examining courts, but shall have no civil jurisdiction: *Provided,* the General Assembly may confer civil jurisdiction on police courts in cities and towns of the fourth and fifth classes, and in towns of the sixth class having a population of two hundred and fifty or more, which jurisdiction shall be uniform throughout the state, and not exceed that of justices of the peace."

It will be noticed that the criminal jurisdiction of such courts is expressly limited to matters occurring within the corporate limits, and, within those limits, such police courts have the same criminal jurisdiction as justices of the peace; but it will be noticed, that when in the same section of the constitution the legislature is authorized to confer civil jurisdiction upon such courts, such jurisdiction is not limited to the corporate limits, but the legislature is authorized to confer a jurisdiction, to be uniform throughout the state, and not to exceed that of justices of the peace. Section 3710, Kentucky Statutes, which, pursuant to the constitutional authority, defines the jurisdiction of the police courts for such towns, limits the criminal jurisdiction, in express terms, to the corporate limits of the town, but confers a civil jurisdiction "concurrent with the justices courts in civil actions and proceedings;" so that the question before us would seem to narrow down to the construction of the words "concurrent jurisdiction" in the above quotation.

In Words and Phrases, vol. 2, page 1391, concurrent jurisdiction is defined as follows: "equal jurisdiction;" "having the same jurisdiction;" "same jurisdiction;" "authorized to deal with the same subject matter;" "equal power and authority." Accepting any of these definitions, and there is none giving the term a more limited meaning, it is apparent that the police courts in towns of the class we are considering, under the above statute, are vested with exactly the same jurisdiction, over the same matters, and within the same territorial limits as justices' courts. Counsel for appellees does

not dispute this conclusion, except in so far as it ascribes to the police courts a jurisdiction outside of the corporate limits of the town. Since the constitutional and statutory provisions by which these courts were established expressly limit the criminal jurisdiction to the corporate limits, but do not limit the civil jurisdiction, but make it concurrent with justices' courts, which, as we have heretofore seen, have a civil jurisdiction co-extensive with the county, it necessarily results that the civil jurisdiction of these police courts is not confined to the corporate limits of the town, but covers the entire county, but is, like that of the justices' courts, to be exercised within the territory from which the police judge is elected, and subject to the rules of procedure prescribed by law, which are the same as for justices' courts, one of which, as we have seen, is the right of the party sued to have the case transferred, under section 710 of the Civil Code, to his own district, a right which is, however, waived, unless exercised by motion, before trial, in the court to which the summons or warrant is returned by the officer executing it.

Counsel for appellees most earnestly insist that, even though it may be held that police courts of the class we are considering have the same civil jurisdiction as justices' courts and that such jurisdiction extends beyond the corporate limits, they still have not the authority or power to issue warrants of forcible entry and detainer, because the jurisdiction to issue and try such warrants is conferred, not upon the "justices' courts," but upon the "justices of the peace" as officers of the court, as distinguished from the court itself. Section 454 of the Civil Code, authorizing the issuance of a writ of forcible entry or detainer, does confer the power of issuance upon "justices of the peace," whereas section 3710 of the statutes, which defines and establishes the jurisdiction of police courts in towns of this class, describes their jurisdiction as the same as "justices' courts." It is insisted that, in giving the jurisdiction to issue writs of forcible entry and detainer to the justice of the peace rather than to his court, and by limiting the civil jurisdiction of the police court to that of the justice's court, the legislative intent is expressed to confine the jurisdiction of the police court to the jurisdiction of the justice's court, and to exclude the jurisdiction to issue writs of forcible entry

and detainer, which had been vested in the justice rather than in his court.

We cannot agree that there is a legislative intent expressed to make any such distinction because of the fact that in one instance the jurisdiction to try a civil proceeding is conferred upon the courts, and in another upon the justices. In both instances the power conferred is to hear and determine civil actions, a judicial function, to be performed by the court through its judge; but we fail to find either an intention to make a distinction between a justice and his court, so far as jurisdiction is concerned, or any reason for such distinction. On the other hand, it is apparent that no such distinction was intended by the legislature, from the fact that the constitutional provision, section 143, authorizes the legislature to confer on police courts the same criminal jurisdiction as "justices of the peace have," and a civil jurisdiction not to exceed that of "justices of the peace," that is, the criminal jurisdiction must be the same as justices of the peace have, and the civil jurisdiction must not exceed that of justices of the peace; yet the legislature, in carrying this section of the constitution into effect, conferred upon police courts the same jurisdiction, both criminal and civil, as "justices' courts," rather than "justices of the peace." Instead of showing a purpose to distinguish, it is apparent that the terms were used synonymously, for, if the distinction contended for should be upheld and pursued, it would result that the police courts would be without any criminal jurisdiction at all, since no jurisdiction is conferred upon the police judge, and by section 3710, *supra,* police courts are vested with the same criminal jurisdiction as justices' courts, and by section 1077a of the Kentucky Statutes, criminal jurisdiction is lodged, not in the "justices' courts," but in the "justices of the peace." Any apparent conflict is eliminated by assuming that "justices' courts" and "justices of the peace" were used as synonymous terms, in the constitutional and statutory provisions we have under consideration; and we so hold, and for so doing have ample authority, not only in reason, but in many judicial constructions given to the words "judge" and "court." See Words and Phrases, vol. 2, page 1675.

We, therefore, conclude that police courts in towns of the sixth class having a population of more than

two hundred and fifty, have the same jurisdiction as justices of the peace, to issue and try warrants of forcible entry and detainer, and that the circuit court erred in quashing the warrant and dismissing the case. Wherefore, the judgment is reversed and the cause remanded for proceedings consistent herewith.