## Wheeldon's Adm'r v. Barrett's Guardian et al.

(Decided Feb. 27, 1934.)

(As Modified on Denial of Rehearing April 24, 1934.)

738

NEWTON BELCHER and BELCHER & BELCHER for appellant.

T. O. JONES for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming in part and reversing in part.

Milton C. Wheeldon died intestate in Muhlenberg county, Ky., in May, 1928, leaving surviving him his widow, Eunice Wheeldon, and one child, Frances Wheeldon, who was a daughter by his former marriage. His widow has since married a man named Bratton, and his daughter, Frances, married a man named Barrett.

Dr. F. K. Foley was appointed guardian of the infant child, Frances, and T. N. Belcher was appointed administrator of the estate of decedent. The appellant, administrator, sought an appraisement of the personal property belonging to his decedent and found that his affairs were somewhat complicated. The decedent had been interested in a mercantile business in South Carrollton, Ky., in which he was associated with his father, J. D. Wheeldon. It is claimed by the appellant that his decedent's father and a brother, with whom he was associated in different business enterprises, were hostile to the widow and child of decedent, and this condition made it somewhat difficult for the appellant to ascertain and reduce to his possessions the personal property rightfully belonging to his decedent's estate. He employed counsel, the law firm of Belcher & Belcher, to represent him as administrator of the estate. The appellee and the widow instituted a suit for the purpose of recovering his decedent's alleged interest in the store in South Carrollton and also about $200 cash which was deposited in the Citizens' Bank of South Carrollton in the name of "M. C. Wheeldon," and to ascertain whether decedent was the owner of the building in which the mercantile business was conducted. J. D. Wheel-

don, the father, denied that the $200 money in the bank belonged to his deceased son and contended that it belonged to his former wife. The litigation was decided adversely to the appellee and widow, appellant, relating to the merchandise business and the cash in the bank, but he succeeded in securing a judgment adjudging his decedent to be the owner of the store building in which the merchandise business was conducted. The decedent also owned 50 per cent. of the capital stock of the Spring Water Ice Company, a corporation, and his father, J. D. Wheeldon, owned or controlled the other 50 per cent. It is alleged that the administrator and his attorney met with some difficulty in the settlement with J. D. Wheeldon respecting the decedent's interest in this corporation. After some negotiations with J. D. Wheeldon, the appellant and his counsel finally succeeded in disposing of decedent's interest in the ice company corporation by selling it to J. D. Wheeldon for the sum of $3,800, which apparently was a fair value for the stock.

The total amount of the personal estate of decedent that came into the hands of the appellant as administrator was $7,026.78.

In July, 1931, appellant filed his settlement in the Muhlenberg county court in which he took credit to himself for $750, which represented that portion of the estate exempt and allowed to the widow, Eunice Wheeldon Bratton, and the further credit of $351.34, 5 per cent. of the total sum of the personal property, and the further credits of $75 for expenses, $380 for extraordinary services for selling the ice company stock, $200 for attorney's fees, and $375 paid for a monument which he had placed at the grave of decedent.

Frances Wheeldon Barrett by her guardian filed exceptions to the settlement as a whole and to each item thereof. In these exceptions appellees claimed that one-half of the $750 paid to her stepmother, the widow, should have been paid to her because, she alleges, that she and her stepmother could not live together or jointly enjoy the benefits of the $750 exemptions. The county court overruled the exceptions relating to the $750 exemptions but sustained the exceptions to one or two small items. Appellee not being satisfied with the judgment of the county court prosecuted her appeal to the Muhlenberg circuit court, and Eunice Wheeldon Bratton, the widow, also appealed to the circuit court. A trial was had in the circuit court, and the court sus-

tained the exceptions to one-half of the $750 and adjudged that this sum be divided equally between the widow and the child. The court also sustained the exceptions to the item of $380 for which the administrator had taken credit for extraordinary services in selling the ice company stock.

The exceptions to the other items were overruled by the circuit court except as to the $37.50, 5 per cent. commission claimed for the handling and distribution of the $750 item, and allowed the administrator the sum of $313.34 commission instead of $351.34 claimed by him and for which he had taken credit in his settlement.

As a final result the circuit court adjudged that the infant, Frances Wheeldon Barrett, recover of T. N. Belcher, administrator, $190, one-half of the $380 item claimed for selling the ice company stock, $375, one-half of the $750 exemptions paid to the widow, and $18.75, one-half of the $37.50 representing 5 per cent. commission on the $750 exempt property, and the further sum of $65.14, which the administrator admitted that he yet owed the infant, making a total of $648.89, for which sum the court rendered a personal judgment against the appellant and directed that execution may issue against him on this judgment, and cost of the action, and from that judgment this appeal is prosecuted.

It is insisted for appellee that inasmuch as the widow, Eunice Wheeldon Bratton, is not a party to the appeal and, after deducting from the various items her interest therein, the amount in controversy is less than $200, therefore the circuit court had no authority to grant the appeal, nor has this court jurisdiction to grant the appeal. But, be this as it may, there was a personal judgment rendered against the appellant for $648.89, and it is from this judgment that he appeals. The circuit court had the right to grant the appeal.

It is insisted for appellant that the court erred in adjudging a division of the $750, allotted to the widow and the infant child. It is argued that no equitable reason was shown for such a division, and in support of this contention is cited section 1403, Kentucky Statutes, and the case of Crain v. West, 191 Ky. 1, 229 S. W. 51. It is the general rule that the widow should have supervision and control of the exempt property except, as said in the case of Crain v. West, supra, "unless an

equitable reason exists to the contrary.'' The cases of Eversole v. Eversole, 169 Ky. 793, 185 S. W. 487, L. R. A. 1916E, 593, and Landrum v. Landrum, 187 Ky. 196, 218 S. W. 717, are cases in which the exception to the rule was applied. Of course, the facts in the case supra are different to the facts of the instant case, but the same principle of law applies. The exception to the general rule is that where a condition exists which renders it impossible or impracticable for the widow and the infant to live together and thus jointly enjoy the benefits of the exempt property, a court of equity will allow a division according to the equities of the case.

In the case at bar the widow and infant's relations are that of stepmother and stepdaughter. It appears that after the death of the infant's mother and before her father's marriage to his last wife, the present widow, the infant lived with her aunt, which was for a period of about six years. After the marriage of her father and stepmother, the infant did not live with them much of her time. She was kept away from home in school a large portion of the time and with her aunt, where she had formerly lived, up to the time of the death of her father. It is obvious from the record that there was a very ill feeling existing between the widow and the infant stepdaughter. Each one denies fault on its part and charges the entire fault to the other, and on this point the evidence is conflicting. It is further shown that the infant daughter has been married for about two years and also her stepmother has again married. Thus, it will be seen that in order for them to enjoy the property jointly it will be necessary for the two families to live together in the same household and intermingle with each other. In these circumstances and in view of the feeling existing between the parties it would, indeed, be most impracticable if not impossible for the widow and infant daughter to jointly use and enjoy the benefits of the exempt property allotted to the widow. It is our conclusion that a division of the property was proper and the chancellor did not err in so adjudging.

It is next insisted that the administrator was entitled to an allowance for his extraordinary services in selling the ice company stock which it is insisted was very beneficial to the estate. It is apparent from the record that appellant was very diligent in his efforts to acquire possession of the personal property belonging

to the estate, and that his services were valuable cannot be denied, and, indeed, very commendable. But this was a part of, and in fact one of the most important functions of, his office or duties as such administrator. Section 3883, Kentucky Statutes, authorizes the court to allow administrators compensation for extraordinary services in addition to commission on all the amounts received and distributed by him. But this rests largely with the trial court, and his judgment on such matters will not be disturbed by this court unless it is shown that he exercised an arbitrary and abusive discretion. In the instant case the amount of the personal property, which was all converted into cash, was $7,026.78, on which he was entitled to a commission not exceeding 5 per cent., or the sum of $351.34, which the court allowed him, less $37.50 on the $750 exemption, and in addition thereto he was allowed the sum of $75 for expenses. We have reviewed the record and the evidence relating to the services rendered by the administrator, and we are unable to say that the chancellor exercised an abusive or arbitrary discretion in his finding that appellant was not entitled to any sum for extraordinary services, and, therefore, we are not authorized to disturb his finding relating to the claim for extraordinary services. Maynard v. Maynard's Adm'r et al., 251 Ky. 246, 64 S. W. (2d) 567.

Respecting the $37.50 commission on the $750 exempt property, it is our view that appellant is entitled to this commission. Section 3883, Kentucky Statutes, in part reads:

"The allowance to executors, administrators and curators shall not exceed five per cent (5%) on all amounts received and distributed * * *."

It is admitted that appellant received and distributed the $750, and we know of no reason or authority why he should not be entitled to commission on this sum as well as any other funds received and distributed by him. The exceptions to this item, $351.34, should have been overruled in toto and appellant allowed credit on his settlement accordingly.

It is next insisted that the circuit court had no jurisdiction or authority to render a personal judgment against appellant on an appeal from a judgment from the county court upon exceptions to appellant's settlement as administrator.

The county court was without jurisdiction to render a personal judgment against the administrator, further than to indicate his rulings on the exceptions and what would be a proper settlement. The county court has no jurisdiction to entertain an action or enter a judgment for a recovery of money. This jurisdiction is vested in the circuit court, quarterly courts, police and magistrate courts.

The county court being without jurisdiction to render a personal judgment against the appellant further than to indicate the correct settlement of accounts raises the question of whether or not the circuit court had jurisdiction to render such judgment on an appeal from the county court. We are not favored in brief of counsel with a citation to any case dealing with a question in point herein involved, and we know of none; but this court has passed on questions involving the same principles of law. The case of Brady v. Brannon, 134 Ky. 769, 121 S. W. 679, 680, is a case wherein the quarterly court attempted to exercise jurisdiction which rested exclusively in the circuit court. In that case this court said:

"Although the circuit court had original jurisdiction, it had no right to entertain the case on an appeal from an inferior court that had no jurisdiction."

See, also, Central Trust Co., etc., v. Bennett, 208 Ky. 281, 270 S. W. 821.

In the instant case the circuit court had jurisdiction of the amount involved in a proper proceeding for that purpose. But the case was not before the circuit court for the purpose of recovering judgment against appellant as administrator or otherwise, but was there only on an appeal from the judgment of the county court, indicating a proper audit and settlement of appellant's accounts as such administrator. The jurisdiction of the circuit court was limited to a review of the judgment of the county court, and the judgment of the circuit court should have been certified to the county court with directions to enter judgment accordingly.

For reasons indicated the personal judgment against appellant is reversed, and it is also reversed as to the $37.50 commission on the exempt property, with directions to allow same to be paid, however, out of the nonexempt portion of the estate. On other items ap-

pealed from the judgment is affirmed, all of which is remanded, with directions for proceedings consistent with this opinion.