Roberta B. BAESLER et al., Appellants

v.

R. E. BELL'S EXECUTRIX (Mary Susan Elkins), Appellee.

Court of Appeals of Kentucky.

Dec. 7, 1956.

Rehearing Denied March 29, 1957.

Paul H. Mansfield, Lexington, for appellants.

Weldon Shouse, Lexington, for appellee.

MONTGOMERY, Judge.

Roberta B. Baesler, James Lee Bell, and Camilla Bell Foley appeal from a judgment of the circuit court overruling their exceptions filed to the first and final settlement of Mary Susan Elkins, as executrix of the estate of R. E. Bell, deceased. The exceptions questioned the payment by the executrix to herself, individually, of two items. The county court sustained the exceptions. An appeal was prosecuted from that judgment to the circuit court.

R. E. Bell owned a small farm in Bourbon County on which he lived alone. Mary Susan Elkins, one of his daughters, and her husband lived in Wolfe County. In addition to the three appellants and appellee, Bell had one other child, a son, who is not a party to this action.

Bell and the Elkinses visited the office of an attorney well known to them in Campton on March 10, 1953. Bell advised the attorney that he desired that his daughter and her family move to Bourbon County. He disclosed two proposals that he had made: (1) he would sell to the Elkinses his farm for $12,000, reserving to himself joint occupancy of the house and crop rents, and he would exclude Mary Susan from his will; or (2) he would sell to the Elkinses the farm for $15,000, reserving the privileges mentioned before, and would devise to Mary Susan all of his livestock, farm machinery, auto, and a child's part of the residue of his estate. The latter proposal was agreed to by the parties. A note was prepared for Bell in the sum of $15,000, which was signed by the Elkinses and delivered to him. At that time, Bell discovered that he had forgotten to bring his deed, and for that reason the transfer of the

ıarm was delayed. The three of them left the law office, with the note in Bell's possession.

On March 21, 1953, R. E. Bell and Mary Susan Elkins visited a lawyer's office in Lexington. The parties advised the attorney of the transaction in Campton. Bell then requested the attorney to prepare the deed conveying the farm, a will in accordance with the agreement, naming appellee as executrix without bond, and an escrow agreement. He also advised that he did not desire the deed placed to record prior to his death because he did not want his other children to know what he was doing. The three writings were prepared by the attorney that day. They were executed and Bell delivered the papers to the trust officer of the Citizens Bank & Trust Company in Lexington, who accepted them.

A lis pendens notice was prepared by the attorney on March 24, 1953, which was filed in the Bourbon County Court on the following date, whereby notice was given that R. E. Bell had sold his property and that the bank was the escrow holder.

On April 4, 1953, Bell returned to the lawyer's office in Lexington and asked for the office copy of the will. He stated his desire to have a new will prepared, which was done. This will excluded Mary Susan Elkins as a beneficiary but named her as executrix. The making of the second will was without the knowledge or consent of the Elkinses.

The testator died on June 8, 1953. Shortly before that time, the Elkinses had moved from Wolfe County to Lexington, where Bell had been living with them. The house on the farm had just been repaired, preparatory to their occupying it.

The second will was probated, and appellee qualified as executrix. She collected the debts due the estate, reduced the assets to cash, and paid the indebtedness. Appellee filed a claim against the estate by which she sought payment for the sale of cattle in the sum of $611.52 and for "⅕th int. in estate as damages" in the sum of $2,846.82. These are the only two items of the settlement which are before us on this appeal.

Appellee contends that she is due these two items under the contract to devise made with her father. Appellants urge that: (1) the evidence is insufficient to establish any contract; (2) such a contract is barred by the statute of frauds; (3) the executrix waived any claim against the estate when she qualified as such and proceeded to administer the estate; and (4) a probate court has no jurisdiction to fix damages.

■ The first two grounds urged for reversal will be considered together. Appellee and her husband could not testify concerning the contract. KRS 421.210(2). The Campton attorney testified fully concerning the circumstances prior to the agreement and the details of it. The Lexington attorney corroborated the details of the contract from what Bell had told him. Another Lexington attorney testified to the execution of the first will. A stenographer testified concerning the preparation and execution of the various papers concerned. The agreement was further proved by the note, deed, escrow agreement, lis pendens notice, and a copy of the first will.

An examination of the two proposals made by Bell shows that $12,000 was the value fixed on the farm, with certain reservations, while the additional $3,000 was the consideration for the promise of the testator to include Mary Susan Elkins in his will. The second proposal was accepted, and the $15,000 note was delivered to Bell as the consideration for the agreement as a whole.

■ A person is generally free to contract to leave property by a will to a particular person. An oral agreement based upon an adequate consideration to bequeath a share or all of an estate consisting of personalty is valid. The contract in question concerns personal property only, since there was a completed transfer of the farm.

Such a contract does not come within the statute of frauds. The proof of such a contract is to be weighed carefully and must be clear, convincing, and positive. Finn v. Finn's Adm'r, Ky., 244 S.W.2d 435, and cases collected therein; 49 Am.Jur., Statute of Frauds, Section 216, page 541. The facts of this case, as proved, bring it within the rule of the Finn case. The proof here is of the required caliber and establishes an enforceable contract.

█ It is contended that the qualification of appellee as executrix was an election to take under the second will, which was inconsistent with her claim for breach of the contract to devise. The appellee, as executrix, administered the estate but was not a named beneficiary under the will probated. The qualification and action as executrix were not inconsistent with her claim for damages against the estate growing out of the breach of the contract to devise. In this respect, she was in the same position as any other creditor or claimant against the estate. The appointment of a creditor as administrator is authorized. KRS 395.040. As between strangers to the estate, the appointment of a creditor is preferred. Bennett v. Bennett's Adm'r, 134 Ky. 444, 120 S.W. 372. Likewise, a creditor may be appointed as administrator with the will annexed. KRS 395.050.

█ The right of a personal representative of an estate to pay to one's self a well-founded and reasonable personal claim based on contract has been recognized. Bailey's Adm'r v. Hampton Grocery Co., 189 Ky. 261, 224 S.W. 1067; Dockins v. Vass, Ky., 124 S.W. 290; Saunders' Heirs v. Saunders' Ex'rs, 2 Litt. 314, 12 Ky. 314. See Annotation, 144 A.L.R. 940.

█ The qualification of a widow as the named personal representative of an estate has been held insufficient to constitute an election to take under the will. Mann, by Elliott v. Peoples-Liberty Bank

& Trust Co., Ky., 256 S.W.2d 489; Smith's Adm'r v. Smith, 13 Ky.Opin. 124; 6 Ky. Law Rep. 453; 57 Am.Jur., Wills, Section 1539, page 1048. Since appellee was not named as a beneficiary, her qualification as executrix was not such an election as would bar her from presenting her claim as a creditor against the estate.

█ The final ground urged for reversal is that the Bourbon County Court as a probate court had no jurisdiction to fix damages. The jurisdiction of the county court in considering the exceptions filed to a fiduciary's settlement is limited to an audit and determination of whether a proper settlement has been made. Exceptions serve to point out any error claimed. The county court sitting as a probate court has the duty to determine whether, as in this case, certain claims should have been allowed and paid or should have been disallowed. KRS 25.170 and KRS 25.200. By its judgment, the county court held that the two items allowed and paid to appellee were improper. Appeal to the circuit court is the proper procedure to obtain review of a county court ruling. Harper v. Lamb, 202 Ky. 771, 261 S.W. 280. The jurisdiction of the circuit court is limited to a review of the county court judgment. The judgment of the circuit court should be certified to the county court, with directions to enter judgment accordingly. Wheeldon's Adm'r v. Barrett's Guardian, 253 Ky. 737, 70 S.W.2d 11. The correct procedure was followed in this case.

█ There is no merit in the contention that a probate court was fixing damage. The claim of appellee was properly verified. KRS 396.010. The amounts were fixed or determinable by calculation. The proof of the claim was undenied and uncontradicted. The function of the county court was to determine whether the claim presented was valid. To do so, it had to determine whether the estate was liable for a breach of the testator's contract to devise. This was a question of law such as

might be involved in determining the validity of any claim. The county court heard other proof, as it was permitted to do, and determined that the claim was not proper. Its ruling was in error, as the circuit court correctly held.

Judgment affirmed.