**UNITED STATES of America,**
**Plaintiff,**

v.

**AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, et al.,**
**Defendants.**

**Civ. A. No. 4702.**

United States District Court
W. D. Kentucky,
at Louisville.

Dec. 29, 1964.

Wm. E. Scent, U. S. Atty., Louisville, Ky., for plaintiff.

A. J. Deindoerfer, Boehl Stopher Graves & Deindoerfer, Louisville, Ky., for defendants.

SHELBOURNE, Senior District Judge.

The determinative question for a decision on the motions of the United States and the defendant, American Casualty Company, for summary judgment is whether the Government's filing of a proof of claim for unpaid and assessed taxes with the personal representative of an estate constitutes a "proceeding in court which would toll the statute of limitations embodied in Section 6502(a), Title 26 United States Code.

There is no dispute as to the facts, which are set forth in the record by a stipulation and documented exhibits. Sufficient for the purpose of this memorandum the facts are:

(1) Esther H. O'Bryan died July 19, 1950, owing jointly with her husband, Creston M. O'Bryan, federal income taxes and interest for the years 1948 and 1949 in the amount of $5,153.96.

(2) Creston M. O'Bryan was appointed administrator with the will annexed of his deceased wife's estate. October 22, 1951, the Government filed its proof of claim with the administrator.

(3) November 26, 1954, the Jefferson County Court issued a notice that the personal representative file settlement of the estate. March 25, 1955, an order was issued against the administrator ordering a settlement of his accounts by April 6, 1955. The notice of that order to the administrator was returned "not found". April 8, 1955, the Jefferson County Court issued a rule against the administrator's surety, American Casualty Company, to file a settlement, and the matter was referred to Robert T. Burke as Special Commissioner for the purpose of settling the accounts of said administrator.

(4) In his report filed and recorded February 4, 1961, the Special Commissioner stated the administrator's account and awarded to the United States, after the payment of costs of administration and attorney's fees, a preferred claim in the sum of $4,068.30.

(5) March 8, 1961, counsel for American Casualty Company filed objections to the Commissioner's report.

(6) By its order dated March 10, 1961, the Jefferson County Court ordered that priority be given to the claim of the United States.

The priority claim of the United States emanated from Section 191, Title 31 United States Code, which provides:

"Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United

States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed."

Section 192, Title 31, provides that every executor, administrator, assignee, or other person who pays, in whole or in part, any debt due by the estate for which he acts before he satisfies and pays the debts due to the United States from such estate shall become answerable in his own person and estate to the extent of such payments for the debts so due to the United States, or for so much thereof as may remain due and unpaid.

The United States instituted this action against the American Casualty Company on January 10, 1964, seeking to recover $4,068.30, claiming jurisdiction by virtue of Section 1345, Title 28 United States Code.

Defendant, American Casualty Company, disclosed in its answer that the administrator, Creston M. O'Bryan, died at or about August, 1960, and alleged that that right of action set forth in the complaint was barred by the applicable statute of limitations. It is the contention of the defendant that the six-year statute of limitations set forth in Section 6502, Title 26, precludes any recovery for the taxes assessed September 15, 1951. Section 6502 provides, in part, that where the assessment of any taxes imposed has been made within the period of limitations applicable thereto the tax may be collected by levy or by a *proceeding in court* if the proceeding is begun within six years after the assessment of the tax.

As stated by counsel in their briefs, this case presents a simple issue of law and should be decided on the motions of the parties for summary judgment.

The defendant does not dispute the priority of the claim of the United States, provided the six-year statute of limitations was tolled by the United States filing in the proceedings in the Jefferson County Court its proof of claim and its allowance as a preferred claim by the Special Commissioner appointed by that court.

The final question is, was the proceeding in the Jefferson County Court a "proceeding in court" sufficient to toll the six-year statute of limitations?

The defendant relies principally upon the case of United States v. Saxe, 1 Cir., 261 F.2d 316 (1958), which involved the filing of a claim by the United States in the Massachusetts probate court for unpaid income taxes assessed against a decedent. The Court of Appeals for the First Circuit held that the filing of a claim in the probate court under the Massachusetts statutes was solely and only for the protection of the personal representative who wished to promptly pay his decedent's debts. It was held that the issue of whether a notice of claim constituted a "proceeding in court" presented a question of federal law, the answer to which depended upon the nature, function, and effect of such a notice as determined by state law. Having considered the Massachusetts law applicable to that case, the court concluded that a notice of claim in a Massachusetts probate court was merely notice to the personal representative and did not initiate a "proceeding in court" within the meaning of that phrase as used in the federal statute of limitations.

A very different nature, function, and effect is served and obtained by the filing of a claim against a decedent's estate in a county court in Kentucky. The Kentucky Court of Appeals set out the jurisdiction and function of the county court sitting as a probate court in its opinion in Baesler v. Bell's Executrix, Ky., 299 S.W.2d 605, 608 (1956):

"The jurisdiction of the county court in considering the exceptions filed to a fiduciary's settlement is limited to an audit and determination of whether a proper settlement has been made. Exceptions serve to point out any error claimed. The county court

sitting as a probate court has the duty to determine whether, as in this case, certain claims should have been allowed and paid or should have been disallowed. KRS 25.170 and KRS 25.200. By its judgment, the county court held that the two items allowed and paid to appellee were improper. Appeal to the circuit court is the proper procedure to obtain review of a county court ruling. Harper v. Lamb, 202 Ky. 771, 261 S.W. 280. The jurisdiction of the circuit court is limited to a review of the county court judgment. The judgment of the circuit court should be certified to the county court, with directions to enter judgment accordingly. Wheeldon's Adm'r v. Barrett's Guardian, 253 Ky. 737, 70 S.W.2d 11. The correct procedure was followed in this case.

"There is no merit in the contention that a probate court was fixing damage. The claim of appellee was properly verified. KRS 396.010. The amounts were fixed or determinable by calculation. The proof of the claim was undenied and uncontradicted. The function of the county court was to determine whether the claim presented was valid. To do so, it had to determine whether the estate was liable for a breach of testator's contract to devise. This was a question of law such as might be involved in determining the validity of any claim."

KRS 25.170 provides that the county judge shall make settlements with personal representatives or appoint a special commissioner to make such settlements. KRS 25.180 authorizes the county judge or special commissioner to hear evidence for or against any item and to question fiduciaries about any matter connected with the settlement and authorizes the summoning of witnesses at the instance of either party when settlement is made or *upon trial of exceptions* thereto. KRS 25.190 provides that the county judge or his commissioner shall make a written report of the settlement and the general result of the settlement, which is to be filed with the clerk. KRS 25.200 provides that the settlement so made and recorded shall be prima facie evidence between the parties interested.

In the case of Bowers v. New York & Albany Lighterage Co., 273 U.S. 346, 349, 47 S.Ct. 389, 390, 71 L.Ed. 676 (1927), the Supreme Court, in defining the word "proceeding" used in a statute similar to that in the case at bar, said:

"The word 'proceeding' is aptly and commonly used to comprehend steps taken in pursuit of either [a judicial proceeding or distraint]. There is nothing in the language or context that indicates an intention to restrict its meaning, or to use 'suit' and 'proceeding' synonymously."

The following cases are relied upon by the United States as upholding its position: United States v. Ettelson, 7 Cir., 159 F.2d 193 (1947); Citizens' Bank of LaFourche v. Miller-Link Lumber Co., D.C.Tex., 16 F.2d 163 (1926); In re McClure Co., D.C.Ga., 21 F.2d 538 (1927); United States v. Paisley, D.C. Ill., 26 F.Supp. 237 (1938).

The Paisley case, supra, held that the probate court had judicial functions to perform and that its allowance of a claim in Illinois was tantamount to a final judgment unless reversed on appeal. To the same effect is United States v. First National Bank, D.C.Ohio, 54 F.Supp. 351 (1943).

These authorities, as interpreted by this Court, uphold the contention of the United States that the six-year statute of limitations in Section 6502 of Title 26 was tolled, and that the filing and allowance of its claim in Jefferson County Court, by the orders and judgment of that court, constituted a "proceeding in court" and established the validity of the United States' claim in the amount of $4,068.30, which it is entitled to recover of the defendant, American Casualty Company. Judgment in favor of the United States is authorized in that amount.