Charles R. Rubin, J.
In these surplus money proceedings, the defendant United States moves to confirm the referee’s report and for an order directing distribution in accordance therewith. The defendant mortgagor opposes on the ground the proposed distribution to the United States on account of its tax claims is barred by the applicable Statute of Limitations.
The pertinent part of the United States Code (US Code, tit 26, § 6502) provides as follows:
"(a) Length of period.
"Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—
"(1) Within six years after the assessment of the tax”.
The taxes involved here were assessed on September 2, 1966, and October 9, 1967. The United States was served with process in this foreclosure action on October 22, 1971 and served its notice of appearance on or about November 16, 1971, and waived all notices except notices (1) of application for discontinuance, (2) of sale, (3) of report of sale, and (4) of all proceedings to obtain surplus money. The United States has not instituted any independent action or proceeding to recover the taxes due.
The question presented here is whether the appearance of the United States in this action is a "proceeding in court” in which the United States can collect the taxes due it within the contemplation of Section 6502 of title 26 of the United States Code. This is a question of Federal law whose resolution depends on the nature, function and effect of such an appearance under State law (United States v Saxe, 261 F2d 316; United States v American Cas. Co., 238 F Supp 36). "Clearly, however, when process has been adequate to bring in the parties and to start the case on a course of judicial handling which may lead to final judgment without issuance of new initial process, it is enough to commence the action” (Herb v Pitcairn, 325 US 77, 79; Burnett v N.Y. Cent. R.R. Co., 380 US 424).
The United States is entitled to use proceedings in State courts to collect its claims (Matter of Feinberg, 18 NY 2d 499; Matter of Gellatly, 283 NY 125; Matter of Weinbaum, 43 Misc 2d 991). Here the United States has submitted its claim to this *24 court’s jurisdiction. Since surplus money proceedings are an appropriate vehicle to effect the collection of claims, the court concludes that the presence of the United States in this action is a "proceeding in court” within the meaning of section 6502 of title 26 of the United States Code. The judicial settlement of claims against a corpus is such a proceeding (see Matter of Feinberg, supra). The claims of the United States are therefore not barred by the Federal Statute of Limitations since their action was commenced and the United States appeared herein less than six years after the assessments of tax.
Accordingly, the motion to confirm the referee’s report is granted; the fee of the referee shall be fixed by the court in the order to be submitted herein.