## Eversole v. Eversole, et al.

(Decided May 2, 1916.)

## Appeal from Perry Circuit Court.

1. Descent and Distribution—Husband and Wife—Murder of Husband by Wife—Rights of Wife.—A wife who wrongfully kills her husband does not forfeit her statutory right to share in his estate.

2. Statutes—Amendments—Interpretation—Sub-section 5, section 1403 of the Kentucky Statutes, 1909—Sub-section 5, section 1403 of the Kentucky Statutes, 1915.—Sub-section 5, section 1403· of the Kentucky Statutes, 1909, provides in substance that certain exempt property should be set apart to the "widow or infant child or children of the intestate." By sub-section 5, section 1403 of the Kentucky Statutes, 1915, the words "to the widow or infant child or children" are changed so as to read "to his widow and children, or, if no widow, to his infant children or child surviving him." Held, that by reason of the change in the language the legislature intended that the exempt property should be for the benefit of both the widow and children of the intestate.

3. Descent and Distribution—Husband and Wife—Death of Husband—Exempt Property—Rights of Widow.—Where an intestate dies leaving a widow and six infant children and she and the children cannot live together by reason of the fact that she is confined in the penitentiary, she is not entitled, under sub-section 5, section 1403 of the Kentucky Statutes, 1915, to all of the exempt property but to only a child's part, or one-seventh thereof.

J. B. EVERSOLE, HOGG & JOHNSON and HAZELRIGG & HAZELRIGG for appellant.

JOHN C. EVERSOLE and F. J. EVERSOLE for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

The principal question presented on this appeal is whether or not a wife, who has wrongfully killed her husband, is entitled to her statutory share of his estate.

The question arises in the following way: M. C. Eversole died a resident of Perry county in the year 1913. His daughter, Lydia Eversole, qualified as administratrix and brought this suit to settle his estate. Emma Eversole, widow of the intestate, by answer and cross-petition, asserted dower in the real estate and also claimed as exemption property of the value of $750.00. The intestate's children contested her claim on the ground that she unlawfully, wilfully, and with malice

aforethought killed the intestate, and upon being indicted therefor had been convicted of voluntary manslaughter. A demurrer to this pleading was overruled and its allegations then denied by reply. By agreement, the only evidence introduced on the question was the record of the proceedings in the case of Commonwealth v. Emma Eversole. This record shows that on the first trial she was convicted of voluntary manslaughter, but on appeal the judgment was reversed. Eversole v. Commonwealth, 157 Ky. 478, 163 S. W. 496. On the return of the case she was again convicted of voluntary manslaughter and is now serving an indeterminate sentence in the penitentiary. On this showing the trial court held that she was not entitled to dower, or to her statutory distributable share in her husband's estate. From that judgment she appeals.

Cases involving the right of a beneficiary, who murdered the insured for the purpose of obtaining the proceeds of a policy on the latter's life, are not in point, for the reason that the wrongful act of the beneficiary is a fraud upon a contract right. Mutual L. Ins. Co. of New York v. Armstrong, 117 U. S. 591, 29 L. ed. 997; Cleaver v Mutual Reserve Fund L. Asso., 1 Q. B. 147; Carpenter's Appeal, 170 Pa. 203, 29 L. R. A. 145, 50 Am. St. Rep. 765, 32 Atl. 637; Schmidt v. Northern Life Asso., 112 Iowa, 41, 51 L. R. A. 141, 84 Am. St. Rep. 323, 83 N. W. 800; New York L. Ins. Co. v. Davis, 96 Va. 737, 44 L. R. A. 305, 32 S. E. 475. The case also differs from that of a devisee who murders the testator for the purpose of obtaining his property. Lundy v. Lundy, 24 Can. S. C. 650; Riggs v. Palmer, 115 N. Y. 506, 5 L. R. A. 340, 12 Am. St. Rep. 819, 22 N. E. 188. Nor is the case one where the common law rule that no one shall take advantage of his own wrong may be applied to a common law right of succession by descent. Lanier v. Box, 112 Tenn. 393, 64 L. R. A. 458, 79 S. W. 1042. In this State the property rights of a widow in the estate of her deceased husband are controlled entirely by statute. She is entitled to an absolute estate in one-half of his surplus personalty, and to an estate for her life in one-third of his real estate, unless the right thereto has been barred, forfeited or relinquished. She and the infant children of the decedent are also entitled to have set apart to them, as exempt from distribution and sale, personal property or money of the value of $750.00.

Kentucky Statutes, section 2132, and section 1403, subsection 5. A wife may forfeit her interest in her husband's estate by adultery or bigamy. Kentucky Statutes, sections 2133 and 1217. Her interest may be barred by jointure or by divorce. Kentucky Statutes, section 2136 and 2144. She may also relinquish her dower right by deed or mortgage. Kentucky Statutes, section 2135; Schweitzer v. Wagner, 94 Ky. 458. Here, then, we have a case where the legislature has provided in clear and unambiguous language that on the death of the husband the widow shall have certain property rights in his estate, unless those rights have been barred, forfeited or relinquished. The statutes go further and provide exactly how those rights may be barred, forfeited or relinquished. They contain no provision forfeiting her property rights in case she kills her husband; nor is such a forfeiture provided for in any of our statutes regulating crimes and providing punishment therefor. The question is, can we, upon the theory that the common law forbids a person to take advantage of his own wrong, or upon the theory that public policy forbids a person from obtaining property by his own crime, engraft upon the statute regulating the property rights of husband and wife, or upon the statute of descent and distribution, an exception which they do not contain, and thus impose upon one guilty of homicide punishment not provided for in our criminal law? It seems to us that there is but one answer to this question. A statutory right cannot be defeated by the application of a common law principle. Nor can a plain, unambiguous statute be disregarded or amended by the court for the purpose of preventing such evil consequences as may flow from the only interpretation of which it is susceptible. As said in Bosley v. Mattingly, 14 B. Mon. 89:

"It may be proper, * * * in giving a construction to a statute, to look to the effects and consequences when its provisions are ambiguous, or the legislative intention is doubtful. But when the law is clear and explicit, and its provisions are susceptible of but one interpretation, its consequences, if evil, can only be avoided by a change of the law itself, to be effected by legislative, and not judicial, action."

Furthermore, the public policy of a State is determined by its constitution and statutes, and, where these are silent, by the decisions of its courts. Chreste v. Lou-

isville Railway Company, 167 Ky. 75, 180 S. W. 49; Union Central Life Insurance Co. v. Spinks, 119 Ky. 261, 83 S. W. 615, 69 L. R. A. 264, 7 Ann. Cas. 913; Davies v. Davies, L. R. 36, Ch. Div. 359; Brooks v. Cooper, 50 N. J. Eq. 761, 21 L. R. A. 617, 35 Am. St. Rep. 793. Hence, when the legislature speaks within the limits of the constitution its declaration of public policy is conclusive. If a change in that policy is desired, application must be made to the legislature and not to the judiciary, whose function it is to declare the law, but not to make it. Collins v. Metropolitan Life Insurance Company, 232 Ills. 37, 14 L. R. A. (N. S.) 356, 122 Am. St. Rep. 54, 83 N. E. 542, 13 Ann. Cas. 129.

The statute regulating the property rights of husband and wife and the statute of descent and distribution declare the public policy of this State with reference to the wife's right to share in the property of her deceased husband. That policy cannot be changed to conform to the court's idea of justice or of natural right. While there is some conflict of authority on the subject, the views herein expressed accord with the weight of authority and are supported, we think, by the better reasoning. It will be sufficient to cite the following: Wall v. Pfanschmidt, 265 Ill. 180, 106 N. E. 785, L. R. A. 1915c, 328; Carpenter's Appeal, *supra*; McAlister v. Fair, 72 Kan. 533, 3 L. R. A. (N. S.), 726, 115 Am. St. Rep. 233, 84 Pac. 112, 7 Ann. Cas. 973; Owens v. Owens, 100 N. C. 240, 6 S. E. 794; Deem v. Milliken, 53 Ohio St. 668, 44 N. E. 1134; Shellenberger v. Ramsom, 41 Neb. 631, 25 L. R. A. 564, 59 N. W. 935; Holloway v. McCormick, 41 Okla. 1, 136 Pac. 1111, 50 L. R. A. (N. S.) 536; Gollnik v. Mengel, 112 Minn. 349, 128 N. W. 292; De Graffenried v. Iowa Land & Trust Company, 20 Okla. 687, 95 Pac. 624. It follows that a contrary holding by the trial court was erroneous.

It remains to determine the extent of the widow's interest in the exempt property. The old statute provided:

"The following list of articles are exempt from distribution and sale, and shall be set apart to the widow or infant child or children by the appraisers of the estate of an intestate," etc. Subsection 5, section 1403, Kentucky Statutes 1909.

The present statute provides:

"Personal property or money on hand or in bank to the amount of $750 shall be exempt from distribution and sale and shall be set apart by the appraisers of the estate of an intestate to his widow and children, or, if no widow, to his infant children or child surviving him." Subsection 5, section 1403, Kentucky Statutes 1915.

The difference between the two statutes is that the provision made in the old statute is for the benefit of the widow or infant child or children, while the provision made in the present statute is for the benefit of the widow and children. Where a statute is amended or re-enacted in different language, it will not be presumed that the difference between the two statutes was due to oversight or inadvertence on the part of the legislature. On the contrary, it will be presumed that the language was intentionally changed for the purpose of effecting a change in the law itself. By changing the word "or" to "and" we conclude that the legislature plainly intended that the exempt property should be for the benefit of the widow and infant children of the intestate. That being true, and it further appearing that the intestate's infant children cannot live with his widow because of her confinement in the penitentiary, we conclude that, as there are six infant children, she is not entitled to all of the exempt property, but only to a child's part, or one-seventh thereof.

Judgment reversed and cause remanded for proceedings consistent with this opinion.