### Landrum v. Landrum, et al.

(Decided February 24, 1920.)

#### Appeal from Graves Circuit Court.

Executors and Administrators—Rights of Widow—Children—Exemption—Statute.—Where the widow of an intestate is no longer able to maintain a home, and the exempted property set apart by section 1403, Kentucky Statutes, for the intestate's widow and children is stored and the joint use thereof is no longer possible, and the property cannot be divided in kind, a judgment ordering the sale of the property, and an equal division of the proceeds between the widow and children, was proper.

EDWARD C. O'REAR for appellant.

D. G. PARK and R. E. JOHNSTON for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

John W. Landrum, a resident of Graves county, died intestate on March 14, 1914. He was survived by his widow, Bessie A. Landrum, and two sons, James D. Landrum and Thomas J. Landrum, who were children of a former marriage. At the time of his death, J. D. Landrum was eighteen years of age and T. J. Landrum was fifteen years of age. After John W. Landrum's death, the appraisers set aside to his widow and the infant children personal property of the value of $750.00. For a while the widow and children occupied the home and used the property together. The home was then sold and the boys went elsewhere to live. After that, the furniture was stored and Mrs. Landrum boarded here and there.

Shortly after her husband's death, Mrs. Landrum, who had qualified as administratrix, brought suit to settle the estate. On April 1, 1918, J. D. Landrum and T. J. Landrum, who were parties to the action, set up a

claim to two-thirds of the property set apart to them and the widow. Pending the hearing of the exceptions raising the question of the ownership of the exempted property, Mrs. Landrum filed an amended answer in which she asked that in the event the court should adjudge that J. D. Landrum and T. J. Landrum owned an interest in the exempted property, that the property would be sold in Mayfield, to which place she would return the property at once, and that the proceeds should be equally divided. The exceptions coming on to be heard, the court held that Mrs. Landrum and the two boys were joint owners of the exempted property, and as the property could not be divided in kind, Mrs. Landrum was directed to deliver the property at her own expense to the master commissioner of the court, who was directed to sell it and divide the proceeds equally between the widow and two children. From that judgment Mrs. Landrum appeals.

In the recent case of Eversole v. Eversole, 169 Ky. 793, 185 S. W. 487, we called attention to the fact that under the former act the exempted property was set apart "to the widow or infant child or children," subsection 5, section 1403, Kentucky Statutes 1909, while under the present act, the exempted property of an intestate is set apart "to his widow and children, or, if no widow, to his infant children or child surviving him," subsection 5, section 1403, Kentucky Statutes 1915, and held that the change in the statute was not due to oversight or inadvertence on the part of the legislature, but was made for the purpose of effecting a change in the law itself. That being true, we concluded that the exempted property was for the benefit of the widow and infant children of the intestate. While it may be true that the legislature intended that the property should be under the control of the widow, and should be jointly used and enjoyed by her and the infant children of the intestate so long as she maintains a home to which the children have access, yet where the circumstances are such that the unity of the family can no longer be preserved, the infant children should not be deprived of their interest in the property. Here, the home, which was jointly occupied by the widow and the children, was sold for debt, and since then no home has been maintained by the widow, and the exempted property, which

consists principally of furniture, has been stored. Since, without fault on the part of the widow or the children, the unity of the family no longer exists, and the joint use of the property is no longer possible, and the property is such that it cannot be divided in kind, we conclude that, under the peculiar circumstances of this case, the chancellor did not err in ordering a sale of the property and an equal division of the proceeds.

Judgment affirmed.