## Acme Drilling Company, et al. v. Gorman Oil Syndicate, et al.

(Decided March 2, 1923.)

### Appeal from Fayette Circuit Court.

1. **Partnership—Contract to Drill Well for Which Payment has not Been Made is Not Executed.**—A contract to drill an oil well on which suit was brought by the contractor to recover the contract price for the work was not an executed contract within the rule that such contracts are not defeated by Ky. Stats., section 199b, requiring parties doing business under a fictitious name to file a certificate with the clerk of the counties in which they transact business.

2. **Statutes—Should be Given Construction to Carry Out Intent and Make Operation Just.**—Where a statute is general in its terms and not clear and definite in its scope, the courts will give it a construction that will carry out its intent and make its operation just and beneficial.

3. **Partnership—Certificate of Persons Conducting Business Under Fictitious Name Filed Where Contract Made is Sufficient.**—The purpose of Ky. Stats., section 199b, requiring persons conducting business under a fictitious name to file a certificate showing their true names with the clerk of the county or counties in which they transact business, was to enable the public and those dealing with those persons to ascertain who are the real persons behind the business, so that it was sufficient to have a certificate on file with the clerk of the county in which a contract for drilling a well was made, though the work under the contract was to be performed in another county where no certificate was on file.

S. S. YANTIS for appellants.

C. F. KELLEY for appellees.

OPINION OF THE COURT BY JUDGE MOORMAN—Reversing.

Charles Hoertz and H. J. Scheirich, doing business under the name of Acme Drilling Company, filed this suit in the Fayette circuit court against John P. Gorman and Charles Funck, trading under the name of Gorman Oil Syndicate, to recover a judgment of $2,311.75, sub-

ject to a credit of $1,511.62, for the drilling of an oil well in Owsley county under a contract entered into by the parties on November 29, 1919. The defendants filed answer alleging that the service for which plaintiffs sought a recovery was performed in Owsley county, that plaintiffs had failed to file in the office of the clerk of the Owsley county court the certificate required by section 199b of Kentucky Statutes, and had failed to file such a certificate in the county where this action was brought. They alleged that by reason of such failures the contract sued on was void and unenforceable. A demurrer to the answer was overruled and plaintiffs filed a reply, admitting that they had not filed the certificate required by section 199b Kentucky Statutes in the office of the clerk of the Owsley county court, but alleging that their principal office and place of business was located in the city of Winchester, Clark county, Kentucky, that the contract was entered into in the city of Winchester on November 29, 1919, and that before making the contract they had filed in the office of the clerk of the Clark county court a certificate setting forth the name under which the business was conducted and the true and full names of the persons owning and conducting the business, with their post-office addresses, and in every respect had fully complied with the law. A demurrer to the reply was sustained and the petition dismissed, from which ruling plaintiffs have appealed.

On the facts as affirmatively shown in the reply, the court below held that the contract was voidable under section 199b-1 of the statutes. That section reads:

"No person or persons shall hereafter carry on or conduct or transact business in this state under an assumed name, or under any designation, name or style, corporate or otherwise, other than the real name or names of the individual or individuals conducting or transacting such business, unless such person or persons shall file in the office of the clerk of the county or counties in which such person or persons conduct or transact or intend to conduct or transact such business, a certificate setting forth the name under which said business is, or is to be, conducted or transacted, and the true or real full name or names of the person or persons owning, conducting or transacting the same, with the post-office address or addresses of said person or persons. Said certificate shall be executed and duly acknowledged by the person

or persons so conducting, or intending to conduct, said business."

Plaintiffs contend on this appeal: First, that the contract is an executed one; and, second, that the statutory requirement has been complied with in that the requisite certificate was filed in the county where the transaction occurred.

The first contention rests on Artman Lumber Co. v. Bogard, 191 Ky. 392, in which it was held that section 571 of Kentucky Statutes is inapplicable to executed contracts. The purpose of that statute in respect to corporations is similar to the purposes of section 199b in respect to partnerships conducted under an assumed name; and if the contract under consideration here were an executed one, we would feel compelled to hold that section 199b does not operate to defeat it. However, it is too clear for argument that the contract is not an executed one, and hence the doctrine announced in the Artman Lumber Company case is inapplicable.

The second contention involves a construction of the statute or rather its application to a state of facts not heretofore considered by this court. In Hunter, etc., v. Big Four Auto Company, 162 Ky. 778, it was held that individuals operating a business under an assumed name, without observing the requirements of the statute, could not enforce rights arising under contracts made in the conduct of their business. But in that case the appellees had not attempted to comply with the statute, and the question was one of non-compliance and not sufficiency of compliance which is the question here. So that opinion has no controlling analogy.

In Warren Oil & Gas Co. v. Gardner, 184 Ky. 411, the court considered the statute in reference to a case in which the certificate had been filed in the county where the partnership was formed, but had not been filed in the county where the contract was made on which a recovery was sought, and it was decided that there had not been such compliance with the statute as authorized a recovery. In that opinion it was said:

"It is not enough that the certificate required by section 199b, Kentucky Statutes, is filed in the office of the clerk of the county where the partnership is formed, and where the partners reside, but it must be filed with such 'county or counties in which such person or persons conduct or transact, or intend to conduct or transact such business,' and the partnership doing business under a

fictitious name is without power to enforce its contract made in a county in which it has failed to comply with the statute. The object of the statute is to enable the public as well as those who deal with the concern, to ascertain definitely who is the real person or persons behind the business in case litigation arises. The statute is a part of the public policy of the state and was intended to protect and safeguard the rights of citizens. If, however, the statute required the certificate to be filed only in the county of the residence of the partners, it would serve little or no purpose in many cases, and could be employed so as to hide rather than disclose the facts.''

A noticeable difference, however, between that case and the one at bar is that there the contract was made in Allen county, where the certificate had not been filed, whereas in this case the contract was made in Clark county, where the plaintiffs were doing business and in which county they had filed the requisite certificate. In other words, in this case the transaction occurred in the county where the certificate had been filed, though the work was done in another county in which a certificate was not filed. The question is, do the words of the statute ''conduct or transact or intend to conduct or transact such business'' vitiate a contract made in the county where the certificate has been filed if the work to be done under the contract is performed in some other county?

It is a universal rule that where a statute is general in its terms, and not clear and definite in its scope, the courts will give it that construction that will carry out its intent and make its operation just and beneficial. 25 R. C. L. 1022. The purpose of the provision under consideration, as will be observed from the opinion in the Warren Oil & Gas Co. case, *supra,* is to enable the public and those dealing with the partnership to ascertain who are the real persons behind the business. In view of that aim we think it unnecessary to give to the statute the latitudinous construction adopted by the trial court. To construe it as vitiating a contract because a certificate was not filed in the county where the work was done, although by the filing of a certificate in the county where the contract was made the other party was furnished all the information that the statute was designed to give, would in no sense achieve the objects of the statute. Indeed, the only result of such a construction would be the imposition of a hardship to no purpose whatever—a thing abhorrent to the spirit of the law. We are, therefore,

constrained to hold that the phrase, "conduct and transact or intend to conduct and transact such business," as applied to the facts in this case, pertains to the county in which the contract was made, regardless of whether the work was performed in that county or some other county. Of course, if the contract had been made in Owsley county, the claim of appellants could not be upheld. But it is different where the contract is made in the county where the certificate has been filed, for in that case the transaction occurs in that county, the business as between the parties is conducted there, and the information that the statute was designed to give is in the possession of him for whom it was intended. In those circumstances the doing of the work in a county in which the certificate has not been filed will not affect the validity of the contract.

Under this interpretation of the law it is our conclusion that the lower court erred in sustaining the demurrer.

The judgment is reversed.