## George H. Cox Company, et al. v. Phonograph Company.

(Decided March 10, 1925.)

### Appeal from Daviess Circuit Court.

Corporations—Foreign Corporation Held Not Doing Business Within State so as to Require Filing Statement with Secretary of State to Maintain Action.—In action on note given by local agency selling phonographs of foreign corporation for expenses of advertising program put on by agency, corporation held not shown to be doing such business within state, as to require filing statement with secretary of state as to office and agents upon whom process could be served under requirement of Ky. Stats., section 571, to entitle it to maintain action.

SLACK, BIRKHEAD and SLACK for appellant.

SANDIDGE & SANDIDGE for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The appellee, Phonograph Company, an Ohio corporation, as plaintiff below, instituted this action in the Daviess circuit court against the George H. Cox Company, incorporated, Kartz and Rawlings, sureties, and Marksberry, endorser, on a note for $3,257.65, of date August 30th, 1922, due six months after date, making a copy of the note a part of the petition, to recover the amount thereof. The appellant, George H. Cox Company, alone, filed answer. It defended upon the ground that appellee, the Phonograph Company, was not entitled to maintain the action because it was a foreign corporation, with offices and place of business in the city of Cincinnati, state of Ohio, but having no place of business in Kentucky and without filing in the office of the secretary of state of Kentucky, at Frankfort, a statement signed by its president or secretary, giving the location of its office or offices and the name or names of its agent, or agents, thereat, upon whom process can be served. It is further alleged in the answer that the plaintiff at no time has had "such an agent or agents whose names were filed in the office of the secretary of state of Kentucky at any time prior to this date, as required by section 571, Kentucky Statutes." It is also alleged "and that at no time plaintiff corporation complied with section 571, Kentucky Statutes, aforesaid, and it cannot maintain and

prosecute this action against this defendant or its co-defendants in this case." It is provided by section 571, Kentucky Statutes:

"All corporations, except foreign insurance companies formed under the laws of this or any other state, and carrying on any business in this state, shall at all times have one or more known places of business in this state, and an authorized agent or agents thereat, upon whom process can be served; and it shall not be lawful for any corporation to carry on any business in this state, until it shall have filed in the office of the secretary of state a statement, signed by its president or secretary, giving the location of its office or offices in this state, and the name or names of its agent or agents thereat, upon whom process can be served; and when any change is made in the location of its office or offices, or in its agent or agents, it shall at once file with the secretary of state a statement of such change; and the former agent shall remain agent for the purpose of service until statement of appointment of the new agent is filed; and if any corporation fails to comply with the requirements of this section, such corporation, and any agent or employe of such corporation, who shall transact, carry on or conduct any business in this state, for it, shall be severally guilty of a misdemeanor, and fined not less than one hundred nor more than one thousand dollars for each offense."

We have held this section applied to all corporations, charitable and otherwise. It does not apply to corporations employed in interstate business. Commonwealth v. Eclipse Hay Co., 31 R. 824. A general demurrer was overruled to the answer, but a motion to make more specific, definite and certain was sustained. The defendant company filed an amended answer in which it alleged in substance that prior to the date of the execution of the note the plaintiff company was engaged in the business of selling Edison phonographs and accessories and that in order to increase its business in Owensboro and other places in Kentucky had exhibited to the public phonographs, and sent artists to exhibit phonographs and to give entertainments in Owensboro and other places at the cost of the defendant, the George H. Cox Company; that several exhibitions were given at

which the phonographs were employed along with artists, records of whose voices were used to demonstrate the accuracy and perfection of the phonographs, and the records to reproduce the human voices; that these artists were sent by the plaintiff company, but in accordance with a contract and agreement between the appellee company and the appellant company by which the appellant company was to pay the artists for services, and pay all costs of the exhibitions. The substance of the answer and its several amendments and supplements being, as we understand them, that appellee, Phonograph Company, in order to aid its sales agency, the George H. Cox Company, at Owensboro, in the marketing of the phonographs and accessories, developed a plan of advertising by which free concerts and exhibitions were given in public halls in Owensboro and other towns by paid artists in connection with the phonograph and records, all at the expense of the George H. Cox Company, free tickets being issued to persons desiring to attend; that the notes sued on represented the cost of several such exhibitions for which appellant, the George H. Cox Company, had contracted and agreed to pay but being unable to advance the money had allowed the appellee, Phonograph Company, to pay such costs for appellant, the George H. Cox Company, and take the latter's note for the amount. From the several averments, it clearly appears that the whole scheme was one of publicity for the Phonograph Company and its accessories intended to aid both the appellant and appellee in the marketing of the products of the Phonograph Company in the territory assigned to the George H. Cox Company; that while the Phonograph Company assisted the George H. Cox Company in staging the exhibitions, the exhibitions were in fact put on by and for the George H. Cox Company to whom all the costs were charged, and which company undertook and agreed to put the free exhibitions and entertainments on and to pay for them. It does not appear from the averments of the answer as amended that the appellee, Phonograph Company, was doing business in the State of Kentucky within the meaning of section 571 of our statutes, as construed by this court in the case of Larkin Company v. Commonwealth, 172 Ky. 106; also Pratt v. York, 197 Ky. 846; Acme Drilling Co. v. Gorman Oil Syndicate, 198 Ky. 576; Hughes v. R. O. Campbell Coal Co., 201 Ky. 839; The Western Silo Company v. Johnson, et al., 203

Ky. 704; Commonwealth Farm Loan Company v. Caudle, Admr., et al., 203 Ky. 761; Milliken's Extr. v. Enterprise M. & G. Co., 206 Ky. 79. It was not, therefore, required to comply with its terms. The answer did not state a defense to the cause of action averred in the petition, and the trial court made no mistake in sustaining a general demurrer thereto. When the defendant declined to further plead after the general demurrer was sustained, the court properly entered judgment for appellee, Phonograph Company, for the amount of the note filed with the petition.

Judgment affirmed.