### Allen v. Allen's Adm'r et al.

(Decided Feb. 21, 1936.)

J. BALLARD CLARK for appellant.

H. K. BOURNE for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

Kathleen Allen, widow of C. B. Allen, deceased, appeals from a judgment dividing the $750 exemption equally between her and the two infant children of the decedent by a former wife.

The facts are: The decedent, C. B. Allen, married appellant about three months before his death. At that time she was sixteen, and is now seventeen years of age. At the time of his marriage he had two infant children, one Doris Allen, now five years of age, who lived and now lives with her guardian and maternal grandfather, George Browning, and the oth-

er C. B. Allen, Jr., a little over two years of age, who now lives with his paternal grandfather, J. E. Allen, and has lived with him since he was about four months of age. 'Appellant now lives with her parents, at Buckner, Oldham county, and neither of the infants has ever lived with her. Her parents, with whom she resides, live in a house containing not exceeding five rooms. Her father's two sons also occupy the house. Appellant is willing to take the infants to her father's house and to care for and rear them, and her parents are willing for this to be done. The grandparents with whom the infants reside are unwilling to give them up. They are between forty and forty-five years of age and about the same age of appellant's parents. Appellant has no estate of her own except such as she will receive in this action.

Appellant takes the position that the facts bring the case within the rule announced in Crain v. West, 191 Ky. 1, 229 S. W. 51, 52, that, under the statute, section 1403, subd. 5, Kentucky Statutes, the exempted property amounting to $750, required to be set apart to the widow and infant children cannot be divided between her and the children so long as she maintains a home to which the children have access, and are permitted to use and enjoy the property, though without her fault they do not live with her, and attention is called to the statement of the court that in only two instances had a division or partition of the exempted property between a widow and her children been upheld; one where the mother was confined in prison, Eversole v. Eversole, 169 Ky. 793, 185 S. W. 487, L. R. A. 1916E, 593, and the other, where the widow had ceased to be a housekeeper and the children were involuntarily compelled to find homes elsewhere, Landrum v. Landrum, 187 Ky. 196, 218 S. W. 717. It is true that the court made the observation concerning the above cases, and announced the rule referred to, but in the same connection it added the following:

"But, where the unity of the family, from no fault of the children, can be no longer maintained, equity will assert itself to secure the rights of the children in the property."

Then, too, it must not be overlooked that in that case the widow maintained a home to which the children

had access, and that the children who were old enough to make a choice in the matter preferred to live elsewhere. In the case under consideration, the situation is different. Appellant herself is only seventeen years of age. The infants have never lived with appellant, but have always lived with their own grandparents, and are too young to choose a home for themselves. Indeed, if the court were called upon to determine their custody, it would award them to their own grandparents in preference to their stepmother and stepgrandparents. Through no fault of the infants they must stay where they are. Not only so, but appellant is not maintaining a separate home, but is herself living in the small home of her parents, together with four others. In view of these circumstances, we are forced to conclude that the case is one where the unity of the family from no fault of the children can no longer be maintained, and there should be a division of the exempted property.

Judgment affirmed.