## Berger et al. v. Berger et al.

(Decided May 12, 1936.)

L. B. ALEXANDER for appellants.

A. Y. MARTIN for appellees.

Opinion of the Court by Judge Rees—Affirming.

This is a companion case to Dollie Berger et al., v. William Berger et al., 264 Ky. 225, 94 S. W. (2d) 618, this day decided, and involves the respective interests of the widow and children of William F. Berger, deceased, in the personal property left by him.

William F. Berger died intestate July 5, 1933, and his widow qualified as the administratrix of his estate on July 11, 1933. Appraisers were appointed, and on July 14, 1933, they met and appraised tangible personal property belonging to the estate of the decedent, consisting of household goods and furniture, at $400.50. Three industrial insurance policies, payable to the decedent's estate, were appraised at $680. The household goods and furniture, appraised at $400.50, and $300 of the proceeds of the insurance policies were set apart by the appraisers to the widow, pursuant to section 1403 of the Kentucky Statutes.

On February 28, 1934, the children of the decedent brought this action for the settlement of William F. Berger's estate. They alleged, in substance, that other property not shown in the inventory and appraisement had come into the hands of the administratrix, and that the widow had refused to permit Albert Berger and Mary Ellen Berger, infant children of the decedent, to reside with her and to have the use of the property set apart to her. as exempt, and they asked that the administratrix be required to settle her accounts with the master commissioner, and that the exempt property be divided equally amongst the widow and two infant children. On April 12, 1934, she filed a settlement with the master commissioner in which it appeared that she had received $721.42, the proceeds of three industrial insurance policies, and had disbursed on behalf of the estate, in the payment of funeral expenses, debts, taxes, and costs of administration, the sum of $663.46 leaving a balance of $57.96, which she had paid to herself as part of the exemptions set apart to her by the appraisers.

On September 19, 1934, the house in which she lived was partially burned, and most of its contents destroyed or badly damaged. She carried $1,500 insurance on her household goods and furniture, and the insurance carriers settled the loss for $1,428.55. Thereafter the plaintiffs filed an amended petition in which they alleged that William F. Berger, at the time of his death, owned personal property of the value of $3,960. They filed a list of the property, which was a copy of the list furnished to the insurance companies by the defendant with her proof of loss. She denied that this property belonged to her husband during his lifetime, and alleged that all of it was owned by her, except the articles listed by the appraisers and set apart to her as exempt. She further alleged that she had fully administered the estate, and that all of the property destroyed or damaged by the fire belonged to her. Considerable proof was heard, and, upon submission of the case, the circuit court adjudged that the personal estate of the decedent, William F. Berger, had been duly and properly administered, and that the plaintiffs' petition be dismissed.

Appellants first insist that the court should have ordered a division of the exempted property between the widow and the two infant children. It has been held that the exempted property should be divided between the widow and the infant children where the unity of the family, from no fault of the children, can be no longer maintained. Allen v. Allen's Adm'r, 262 Ky. 762, 91 S. W. (2d) 55; Landrum v. Landrum, 187 Ky. 196, 218 S. W. 717; Eversole v. Eversole, 169 Ky. 793, 185 S. W. 487, L. R. A. 1916E, 593. In the Eversole Case the mother was confined in prison, and in the Landrum Case the widow had ceased to be a housekeeper and the children were involuntarily compelled to find homes elsewhere. In the Allen Case the widow was not maintaining a separate home, but was living with her parents. In Crain v. West, 191 Ky. 1, 229 S. W. 51, the widow maintained a home to which the children had access, but they preferred to live elsewhere. It was held that, under such circumstances, the widow was entitled to all of the exempted property. The facts in the instant case bring it within the rule announced in Crain v. West. Albert Berger was 20 years old at the time of his father's death, and became 21 years of age

shortly after this action was instituted. Mary Ellen Berger was 16 years of age at the time of her father's death, but she went to live with her aunt shortly after the death of her mother, and had not lived with her father after he married appellee in 1923. He paid $10 per month to her aunt for her board and lodging, and, at the time of his death, carried a policy of insurance on his life for $2,000 in which his daughter was named the beneficiary. The proceeds of the policy were paid to her guardian. She testified that the appellee objected to her presence in her home, but, on the other hand, there was evidence that appellee was kind to her and willing to permit her to live in the home and use and enjoy the exempted property. The evidence is such as to warrant the conclusion that Mary Ellen Berger preferred to live with her aunt.

Appellants place considerable stress on the list of property and the values placed thereon by appellee when she furnished proofs of loss to the insurance carriers. She did not estimate the values of the articles at the time they were burned, but she did give the cost of the articles when they were purchased. This information was furnished at the request of the insurance adjuster, and was intended to be used only as a basis for estimating the depreciation on the various articles for the purpose of fixing their value at the time of the fire. The value placed on the exempted property by the insurance adjuster, and agreed to by appellee, exceeded only slightly the amount at which the same property was appraised and set apart to her. Considerable proof was heard as to the ownership of numerous articles claimed by appellee as her own, and not appraised as the property of the decedent. In the proof of loss furnished to the insurance carriers, a piano was listed, which cost $675. Its value at the time of the fire was fixed at $175. The dealer from whom it was purchased testified that decedent gave it to appellee as a wedding present. Other witnesses testified to the same effect. The proof as to appellee's ownership of other articles not appraised as part of her husband's estate was equally convincing.

We find no reason to disturb the chancellor's judgment, and it is affirmed.