**John RIEHL et al., Appellants, v. KENTUCKY UNEMPLOYMENT COMPENSATION COMMISSION, Appellee.**

Court of Appeals of Kentucky.
April 17, 1953.

For majority opinion see 256 S.W.2d 354.

Lewis M. Johnson, Burwell K. Marshall, Louisville, for appellants.

R. Campbell VanSant, VanSant & Young, Frankfort, for appellee.

COMBS, Justice (dissenting).

I am unable to find anything in the Act, or in the history of the Act, to justify the conclusion reached by the majority. It seems clear to me that it was the intention of the Legislature to classify employers according to the number of positions of employment, rather than by the number of persons employed to fill those positions.

This is a taxing statute and the rule is that any ambiguity will be construed against the taxing authority and in favor of the taxpayer. The rule has been recognized by this Court in a case in which the appellee here was a party. Barnes v. Indian Refining Co., 280 Ky. 811, 134 S.W.2d 620.

It is very significant, I think, that the present statute omitted an interpretative phrase contained in the Act of 1936 which it superseded. The 1936 Act, Acts 1936, c. 7, defined a subject employer as one who had in his employment "four or more individuals (not necessarily simultaneously and irrespective of whether the same individuals are or were employed in each such week)". The Act of 1938, KRS 341.070 (1), carried in the parenthetical explanation only the phrase "whether or not the same workers", which is of similar import to the second clause in the 1936 Act, but omitted in its entirety the clause "not necessarily simultaneously". It must be assumed the omission was intentional. The former law permitted, if it did not require, the interpretation of consecutive employments, and it is a sound rule of statutory construction that a substantial change in phraseology or the use of different language in the same connection raises the presumption a departure from the old law was intended. Louisville & N. Railroad Co. v. Owens, 164 Ky. 557, 175 S.W. 1039; Eversole v. Eversole, 169 Ky. 793, 185 S.W. 487, L.R.A. 1916E, 593; 50 Am.Jur., Statutes, sections 33, 275, 276. Therefore, it is a logical conclusion that by omitting the definitive clause the Legislature intended to effect a change and provide that four or more persons should be employed simultaneously in order to bring the employer within the scope of the Act.

When a statute is fairly susceptible of either of two constructions, the injustice, inequality, unreasonableness, hardship, or even the inconvenience which may follow one construction may properly be consider-

ed, and if the language permits the other construction which will avoid all such objectionable consequences and give to the statute a beneficial operation, the latter interpretation should be accepted by the courts. Commercial Banking and Trust Co. v. Citizens Trust & Guaranty Co., 153 Ky. 566, 156 S.W. 160, 45 L.R.A.,N.S., 950, Ann.Cas. 1915C, 166; Acme Drilling Co. v. Gorman Oil Syndicate, 198 Ky. 576, 249 S.W. 1003; 50 Am.Jur., Statutes, section 368 et seq.

The conclusion reached by the majority will, in my opinion, result in undesirable consequences rather than avoid them. Under their interpretation, employer "X", who had the same three employees without change during the taxable period, would enjoy preferential treatment over employer "Y", who, without fault or desire, found it necessary to replace one of his employees. A cobbler needing and employing only one helper at a time would find himself subjected to the tax if, at the end of any calendar year, he should have had four different helpers in each of three quarters to whom he had paid $50 each. I cannot bring myself to believe that the Legislature intended any such result. I, therefore, respectfully dissent from the majority opinion.

SIMS, C. J., joins with me in this dissent.