**Geoffrey "Jeff" MORRIS, Movant,**

v.

**JEFFERSON COUNTY CLERK, Jefferson County Board of Elections, Teddy B. Gordon, Ernest Jasmine, Stephen P. Ryan, Walter L. Cato, Jr., Jim "Pop" Malone and Beverly Bleidt, Respondents.**

Supreme Court of Kentucky.

May 21, 1987.

Donald L. Cox, Lynch, Cox & Gilman, Louisville, for movant.

Robert G. Stallings, Peter L. Ostermiller, Louisville, for Jefferson Co. Clerk.

Walker C. Cunningham, Jr., Louisville, for Jefferson Co. Bd. of Elections.

Elgin L. Crull, Louisville, for Ryan.

Michael L. Boylan, Louisville, for Gordon.

John W. Stewart, Louisville, for Jasmine.

C. David Johnstone, Louisville, for Bleidt.

## OPINION OF THE COURT

On February 23, 1987, Geoffrey Morris filed papers to become the Democrat nominee for the office of Commonwealth Attor-

ney for the 30th Judicial District. K.R.S. 118.125(3) provides:

"At the time of filing his notification and declaration, the candidate shall file therewith an affidavit of two (2) reputable electors who are members of the party to which the candidate belongs. The affidavit shall be in the following form:

"Commonwealth of Kentucky.

_____ County.

"We, _____ and _____, do solemnly swear that we are qualified electors and members of the _____ Party, and were affiliated with that party and supported its nominees at the last regular election; that we are residents and legal voters of the City of _____, County of _____, State of Kentucky; that we are personally acquainted with _____, who files the hereto attached notification and declaration, and we know him to be a discreet citizen and a member of the _____ Party, and that to the best of our knowledge and belief he has affiliated with and supported that party as defined in the primary election law; that he is a resident of the city, county and state set out in his notification and declaration; that we believe him to be qualified to fill the office of _____; and that he is a bona fide candidate and not running in the interest of any other candidate, group or faction or to promote any interest other than that of the public.

"We do further solemnly swear that to the best of our knowledge and belief the said _____ is in good faith a candidate for nomination for said office, and that he is not merely becoming a pretended, fictitious or 'dummy' candidate for the purpose of influencing or controlling the selection of challengers, inspectors or officers of election for the benefit or in the interest of any other candidate or group of candidates.

"_____
(Signatures of affiants)

"Subscribed and sworn to before me by _____ and _____, this ___ day of ____, 19__.

"_____
(Signature of officer)

"_____
(Title of officer)

"My commission expires _____"

One of the two affiants in support of Geoffrey Morris's nomination papers was J. Michael Smither. It is admitted before this court that Mr. Smither was not a registered Democrat voter at the time he signed the affidavit or at the time the nomination papers were filed. He had moved from his precinct in 1983, had not changed his registration, and had not voted since the November, 1984 election. He was purged from the list of registered voters by the Jefferson County Board of Elections, and without dispute was not a qualified voter or elector when he filed the affidavit.

On March 18, 1987, after the deadline for candidates to file for nomination had passed, Mr. Smither did register to vote.

Litigation was instituted to determine whether the nomination papers of Geoffrey Morris were valid or whether his name should be deleted from the ballot. The Jefferson Circuit Court ruled that he had substantially complied with K.R.S. 118.125(3). The matter was then brought before the Court of Appeals, which reversed the trial court and ordered Morris's name stricken from the ballot. We granted discretionary review, and we affirm the decision of the Court of Appeals.

■ The language of K.R.S. 118.125(3) is not ambiguous. It requires the affidavit of two reputable electors who *are* members of the party to which the candidate belongs.

Movant contends that by registering to vote after the filing deadline had past, but more than 30 days before the primary election, Smither became a qualified elector eligible to vote in the primary election. He cites K.R.S. 116.055 pertaining to qualifications for voting in primary elections for the proposition that qualifications to vote are determined "as of the date of the primary." He contends, therefore, that since one's qualifications are determined as of the date of the primary, Smither was a qualified voter for the May primary election and was also a qualified elector to sign the affidavit which accompanied the nomination papers.

The affidavit required by K.R.S. 118.125(3) must be signed by two electors who

*are* (not who may thereafter become) members of the party to which the candidate belongs. We interpret this to mean that at the time the affidavit is signed and the nomination papers filed, the affiant must be a voter registered to vote as a member of the party to which the candidate belongs. In effect, Morris filed his nomination papers and attached thereto only one valid affidavit of an elector who was a member of the party to which he belonged. He did not comply with the statute.

Morris further contends that he substantially complied with the statute and that his good-faith efforts should be validated. In essence, he contends that in good faith he thought the two affidavits were proper and that he had no duty to look beyond the statements sworn to by Smither in his affidavit.

█ It is true that a candidate would be hard pressed to determine the truth of some of the allegations in the required affidavit, but the question of whether Smither was a registered voter could easily have been checked in the office of the county court clerk when the nomination papers were filed. The law places the duty upon the candidate to support his nomination papers with the affidavits of two electors. On a matter which can be so easily determined as whether or not an individual is registered to vote, there is no excuse for the candidate to claim that the affiant claimed to be registered to vote.

The statute, with regard to the supporting affidavits of electors, is plain. It requires two affiants, and it is easy to comply with. An affidavit of only one elector is not a substantial compliance with the statute.

The decision of the Court of Appeals is affirmed.

STEPHENS, C.J., and GANT, LAMBERT, STEPHENSON, VANCE and WINTERSHEIMER, JJ., sitting.

All concur.