Jimmy R. GIBSON, Carvin Collins, and Roy Jent, Movants,

v.

Randy THOMPSON, Respondent.

No. 2010–SC–000708–I.

Supreme Court of Kentucky.

March 24, 2011.

Nicholas C.A. Vaughn, Law Office of Nick Vaughn, Somerset, KY, Counsel for Movants.

James Lee Deckard, Hurt, Crosbie & May, PLLC, Lexington, KY, Terry Dean Jacobs, Hindman, KY, Counsel for Repondent.

Opinion of the Court by Justice CUNNINGHAM.

Pursuant to CR 65.09, Movants, Jimmy R. Gibson, Carvin Collins, and Roy Jent, move this Court for interlocutory relief from an order of the Court of Appeals refusing to invalidate the candidacy of Respondent, Randy Thompson.

Thompson was a Republican candidate for Knott County Judge–Executive in the May 2010 primary election. He had previously been elected to that office in the November 2006 general election. However, in 2008 he was convicted in the United States District Court for the Eastern District of Kentucky of two counts of conspiracy and vote buying in connection with the 2006 general election. As a result of these convictions, the Movants and eighteen oth-

ers filed an action in the Knott Circuit Court challenging Thompson's qualifications as a candidate for County Judge–Executive. Though the complaint was filed in February of 2010 and Thompson responded in March of 2010, no further action was taken in the case prior to the May 2010 primary election. Thompson was unopposed in that primary election and was duly certified to appear on the regular election ballot.

In September of 2010, Gibson, Collins, and Jent filed a motion in the same Knott Circuit Court action challenging Thompson's qualifications as a candidate in the 2010 general election. The basis for this complaint was that Thompson was not qualified due to his federal convictions. Thompson responded that the convictions were not "final" for purposes of Kentucky's election statutes because an appeal of the judgment was pending, as was a motion for a new trial.

The trial court did not reach these arguments. At a hearing on the motion, it dismissed the action without prejudice, concluding that the Movants, all registered Democrats, lacked standing to challenge Thompson's qualifications in the primary election. The Movants responded that their more recent motion should be considered to supplement the original petition, or that they should be granted leave to amend their original petition. The trial court was unpersuaded.

The Movants then moved the Court of Appeals, pursuant to KRS 118.176(4), to set aside the trial court's order. The Court of Appeals denied the motion, agreeing with the trial court that the Movants lacked standing to challenge Thompson's qualifications as a candidate in the primary election. It also rejected the assertion that the subsequent motion constituted an amended complaint or otherwise "serve[d] to resurrect their lack of standing" to challenge Thompson's *bona fides*. Though affirming the trial court's dismissal on the standing issue, the Court of Appeals nonetheless went on to consider the merits of Movants' challenge to Thompson's qualifications. It concluded that Thompson's convictions could not yet be considered "final" and, therefore, "cannot form the basis for removing an elected official from office."

The Court of Appeals also took judicial notice of the fact that the Movants had filed a separate action in the Knott Circuit Court challenging Thompson's *bona fides* to stand for the general election. The trial court abated that action pending resolution of the present case.

The Movants now move this Court for relief pursuant to CR 65.09. Whether to review the Court of Appeals' order is a decision left to this Court's discretion upon a showing of extraordinary cause. CR 65.09(1). The motion must be denied because the Movants were not entitled to move the Court of Appeals for relief pursuant to KRS 118.176.

Subsection (4) of KRS 118.176 provides: **If the court finds the candidate is not a bona fide candidate** it shall so order, and certify the fact to the board of elections, and the candidate's name shall be stricken from the written designation of election officers filed with the board of elections or the court may refuse recognition or relief in a mandatory or injunctive way. The order of the Circuit Court shall be entered on the order book of the court and shall be subject to a motion to set aside in the Court of Appeals. The motion shall be heard by the Court of Appeals or a judge thereof in the manner provided for dissolving or granting injunctions, except that the motion shall be made before the court or judge within five (5) days after the entry of the order in the Circuit Court, and

may be heard and tried upon the original papers, and the order of the Court of Appeals or judge thereof shall be final. (Emphasis added)

Here, the trial court made no finding that Thompson was not a *bona fide* candidate. Its order dismissing is based solely on the Movants' lack of standing. Furthermore, the order dismissing is a final and appealable order. Because the expedited appeal procedure set forth in KRS 118.176(4) applies only to orders disqualifying a candidate, the Movants were not entitled to move the Court of Appeals to set aside the order. For this reason, the Movants' motion for interlocutory relief pursuant to CR 65.09 must be denied.

All sitting. All concur.